**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-5003**

—————————

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

ROGER SARVIS,

       Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Chief District Judge. (4:11-cr-02254-TLW-2)

—————————

Submitted: August 5, 2013      Decided: August 8, 2013

—————————

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Tristan M. Shaffer, TRISTAN SHAFFER, ATTORNEY AT LAW, Chapin, South Carolina, for Appellant. William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Sarvis appeals the 156-month sentence he received after he pled guilty to conspiring to distribute several controlled substances, including oxycodone, in violation of 21 U.S.C.A. § 846 (2006). Sarvis' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he has identified no meritorious issues for appeal, but questions whether trial counsel was unconstitutionally ineffective in failing to object to the Government's drug weight calculations, which assertedly included several drug quantities that Sarvis and his wife possessed either legally or for their own personal use.

Having reviewed the record, we conclude that the record does not "conclusively" demonstrate any such inefficacy, and we therefore decline to entertain Sarvis' ineffective assistance claim. United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012), cert. denied, 133 S. Ct. 376 (2012).[1]

Sarvis has filed a pro se supplemental brief in which he asks to be resentenced and to receive a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1 (2012) because he cooperated with the Government. But a court may revisit the

[1] Such a claim is more appropriately raised under 28 U.S.C.A. § 2255 (West Supp. 2013).

Government's decision not to file a motion for substantial assistance only if the Government's failure to do so was in breach of an obligation under the plea agreement, or if its decision was motivated by an unconstitutional motive or was not rationally related to a legitimate government end. See Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Butler, 272 F.3d 683, 686-87 (4th Cir. 2001). None of these exceptions are at issue in this case, and it follows that Sarvis' arguments in this respect are without merit.

Sarvis also contends that he should be resentenced because he was assigned responsibility for more drug weight than he had anticipated when he pled guilty. But his sentence was in fact based on his own stipulations as to the applicable adjusted offense level. Moreover, Sarvis was fully apprised at the time of his plea that, at sentencing, the court could assign him responsibility for a higher drug weight than he expected. His claim is therefore without merit.[2]

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court.

---

[2] Sarvis' request that we accord his appeal the same treatment as that received by an appellant in a separate appeal is meritless, as the cases are procedurally and factually dissimilar.

3

This court requires that counsel inform Sarvis, in writing, of the right to petition the Supreme Court of the United States for further review. If Sarvis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sarvis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED